UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**IN RE: HENDRIKUS EDWARD TON**

CIVIL ACTION

NO: 22-599

SECTION: "H"

**ORDER AND REASONS**

Before the Court is Lynda Ton's Motion for Leave to Appeal (Doc. 1). For the following reasons, the Motion is **DENIED**.

**BACKGROUND**

Hank Ton and Lynda Ton were married in 1987, and Lynda Ton filed for divorce on November 14, 2012 in Louisiana's 25th Judicial District Court. A judgment of divorce was later issued, terminating the community property regime retroactive to the date of filing. During the marriage, the Tons owned and operated several businesses, including Abe's Boat Rentals Inc. ("Abe's").

On October 5, 2012, Hank Ton pleaded guilty to conspiracy to defraud the United States by failing to collect, account for, and pay over employment taxes in violation of 18 U.S.C. § 371 and willful failure to collect, account for,

1

and pay over employment taxes in violation of 25 U.S.C. § 7202. In pleading guilty, Hank Ton admitted that he had underreported withheld taxes for Abe's employees between the years 2006 and 2009 and agreed to repay the amount of $3,582,451.00 in restitution to the IRS (the "Tax Liability"). Between 2013 and 2015, Hank Ton secured loans to satisfy the Tax Liability as well as other indebtedness of Abe's.

On April 27, 2018, Hank Ton filed a voluntary petition under Chapter 11 bankruptcy in the Eastern District of Louisiana. On October 8, 2018, Lynda Ton removed the community property partition petition to this Court, and it was referred to the bankruptcy court.

On August 14, 2019, the bankruptcy court entered an order partitioning the Tons' former community property ("the Original Partition Judgment").[1] The Tons each appealed that ruling, and on June 29, 2020, this Court vacated and remanded the ruling, holding that the bankruptcy court had erred in several respects in its partition.[2] Specifically, this Court vacated the bankruptcy court's decision that the Tax Liability was Hank Ton's separate obligation and held that the debt remained a community obligation even where Hank Ton took out a loan after the termination of the community to satisfy the debt.[3]

On February 9, 2021, a confirmation hearing was held during which the Debtor Hank Ton put on evidence that the proposed plan of reorganization ("the Plan") satisfied the requirements for a nonconsensual Chapter 11 "cramdown" under 11 U.S.C. § 1129. On February 25, 2021, the bankruptcy

---

[1] Adversary Proceeding No. 18-1129, Doc. 50.
[2] Case No. 19-13889, Doc. 20.
[3] *Id.*

2

court entered an order confirming the Plan.[4] Appellant Lynda Ton appealed the Confirmation Order to this Court on March 12, 2021. Finding that her arguments lacked merit, this Court affirmed the Confirmation Order.[5]

Thereafter, on May 12, 2021, the bankruptcy court entered a final judgment partitioning the Tons' community property, taking into consideration the bankruptcy court's Original Partition Judgment, this Court's holdings on appeal, and the bankruptcy court's holding on remand ("the Partition Judgment"). Lynda Ton appealed the Partition Judgment to this Court, and it found her arguments lacked merit.[6]

Here, Lynda Ton seeks to bring a fourth appeal arising out of this bankruptcy action. In this Motion, she seeks leave to appeal the bankruptcy court's March 16, 2022 Order overruling her claim objection. Specifically, she takes issue with the bankruptcy court's classification of loans taken out after termination of the community as community obligations.

## **LEGAL STANDARD**

District courts may hear appeals from interlocutory orders "with leave of the court," pursuant to 28 U.S.C. § 158(a). In considering whether to grant such leave, most district courts have adopted the standard under 28 U.S.C. § 1292(b).[7] "This standard consists of three elements: (1) a controlling issue of law must be involved; (2) the question must be one where there is substantial ground for difference of opinion; and (3) an immediate appeal must materially

---

[4] Bankruptcy No. 18-11101, Docs. 483, 484.
[5] Case No. 21-514, Doc. 19.
[6] Case No. 21-1029, Doc. 12.
[7] Matter of Ichinose, 946 F.2d 1169, 1177 (5th Cir. 1991).

advance the ultimate termination of the litigation."[8] The party seeking to bring the appeal has the burden to show that its appeal satisfies this standard.[9]

## LAW AND ANALYSIS

Here, Lynda Ton makes no attempt to show that an interlocutory appeal of the bankruptcy court's order on her claim objection satisfies the § 1292(b) standard. Further, as Hank Ton points out, the question that Lynda Ton seeks to present on appeal—whether two promissory notes held by OCM ENGY Holdings, LLC should be treated as community obligations where "the community terminated in 2012 and the loans were made by Abe's in 2014 and 2015"—has twice been addressed by this Court.[10] In deciding Lynda Ton's appeal of the Partition Judgment, this Court held:

> Lynda Ton next argues that the court erred in treating as a community obligation the claim of OCM ENGY Holdings, LLC, which encompasses two promissory notes that were executed after the community property regime terminated. The record makes clear, however, that those notes merely refinanced community obligations, such as the Tax Liability discussed on appeal of the Original Partition Judgment. As this Court has previously held, Louisiana law is clear that obligations are classified at the time that they are incurred. The fact that a loan was later secured to satisfy the obligation is of no consequence. Accordingly, Lynda Ton has not shown that the bankruptcy court erred in calculating the community obligations.[11]

Accordingly, leave to appeal is denied.

---

[8] *Id.*
[9] In re Cent. La. Grain Co-op., Inc., 489 B.R. 403, 410 (W.D. La. 2013).
[10] *See* Case No. 19-13889, Doc. 20; Case No. 21-1029, Doc. 12.
[11] Case No. 21-1029, Doc. 12.

4

## **CONCLUSION**

For the foregoing reasons, the Motion is **DENIED**.

New Orleans, Louisiana this 25th day of August, 2022.

_____
**JANE TRICHE MILAZZO
UNITED STATES DISTRICT JUDGE**